IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW MEXICO

RICHARD WAYNE JOHNSON
and TANYA JOHNSON,

    Plaintiffs,

v.                                                                 Civ. No. 15-1071 GBW/CG

CITY OF ROSWELL, *et al.*,

    Defendants.

## MEMORANDUM OPINION AND ORDER

This matter is before the Court on Defendant City of Roswell's Motion to Dismiss (*doc. 9*) and Defendant Phil Smith's Motion to Dismiss (*doc. 10*), as well as Plaintiffs' Response and informal request to amend their Complaint[1] (*doc. 20*). Having reviewed the briefing and being fully advised, the Court will deny Defendant City of Roswell's Motion to Dismiss and Defendant Phil Smith's Motion to Dismiss and will allow leave for Plaintiffs to file their Amended Complaint.

---

[1] The Tenth Circuit has explained that such requests, which are contained in a response to a motion to dismiss, do not constitute formal motions for leave to amend the complaint. *See, e.g.*, *Bangerter v. Roach*, 467 F. App'x 787, 789 (10th Cir. 2012). Nonetheless, the Court retains discretion to order the filing of an amended complaint where it believes deficiencies may be cured. *See, e.g. Calderon v. Kansas Dep't of Soc. & Rehab. Servs.*, 181 F.3d 1180, 1186 (10th Cir. 1999).

1

I.      PROCEDURAL POSTURE

Plaintiffs Richard Wayne Johnson and Tanya Johnson are suing the City of Roswell and its Police Department, as well as Police Chief Phil Smith in his individual and official capacity and several other officers in their individual capacities.  *See doc. 2-2*.  Plaintiffs bring this action under 42 U.S.C. § 1983, alleging deprivation of their Fourth, Eighth, and Fourteenth Amendment constitutional rights through Defendants' use of excessive force.  *Id.* at 2, 8-20.  Plaintiffs have also asserted state law claims under the New Mexico Tort Claims Act and the New Mexico Constitution based upon the same underlying factual assertions.  *Id.* at 2, 20-31.

Plaintiffs initiated suit in the Fifth Judicial District Court of New Mexico on October 7, 2015.  *Docs. 2, 2-2*.  On November 23, 2015, Defendants removed the action to this Court pursuant to its federal question jurisdiction under 28 U.S.C. §1331.  *Doc. 1*.  On December 14, 2015, Defendants City of Roswell and Phil Smith filed separate motions to dismiss Plaintiffs' action for failure to state a claim.  *Docs. 9, 10*.  Plaintiffs filed a joint response to both motions on January 7, 2016, and Defendants jointly replied on January 25, 2016.  *Docs. 20, 21*.

II.     COMPLAINT'S FACTUAL ALLEGATIONS

On October 28, 2013, Plaintiff Richard Johnson ("Johnson") allegedly sustained a concussive head injury while in an altercation with a relative.  *Doc. 2-2* at 5.  After returning to his home, he was ordered to come out of his house by what Plaintiffs claim

2

was an unknown source. *Id.* at 6. Johnson answered his door while carrying a lawfully-possessed firearm and was confronted by Roswell Police Officers Joseph Lannoye, Cruz Zavala, and Robert Swantek. The Complaint asserts that Plaintiff was immediately shot by police. *Id*. Plaintiffs allege that these officers never identified themselves and failed to issue a warning for Johnson to drop his weapon before using force. *Id*. Plaintiffs further state that this conduct resulted in critical and grievous injury to Johnson, requiring emergency airlift and hospitalization which resulted in substantial medical bills. *Id*. at 6-8.

Plaintiffs claim that the force described was unreasonable, unlawful, and performed under color of law in reckless disregard of their constitutional rights. *Id*. In addition to their allegations regarding the officers who used force against Johnson, Plaintiffs also claim that the City of Roswell and Police Chief Phil Smith knew or should have known of a pattern of conduct regarding excessive force and negligently failed to adequately train, supervise, and discipline officers with regard to such conduct. *Id*. at 6-7. Plaintiffs allege that these acts and omissions were conducted in intentional, reckless, or deliberate disregard for Plaintiffs' rights and were the proximate cause of their injuries.[2] *Id*. at 7-8.

---

[2] While she does not claim any direct involvement in the underlying altercation between Johnson and the police, Plaintiff Tanya Johnson is also included in this action on the basis of loss of spousal consortium and emotional distress resulting from use of excessive force against her husband. *Doc. 2-2* at 30-31.

### III.  MOTIONS TO DISMISS

Defendants City of Roswell and Smith assert that Plaintiffs' Complaint should be dismissed as deficient on the basis that these claims lack any factual specificity and constitute mere formulaic and conclusory statements insufficient to state a claim. *Docs. 9, 10*. Plaintiffs respond that their allegations of wrongdoing by each of the Defendants sufficiently state a claim for relief. *Doc. 20* at 6-11. However, referencing newly-discovered information, Plaintiffs also provide substantial additions of factual allegations not contained in their complaint as well as more specific allegations regarding policies and training conducted with alleged disregard for their constitutional rights. *Id.* at 1-5, 8-10. Plaintiffs request that, should the Court find their original Complaint deficient, they be allowed to amend it to reflect this new information before the Court evaluates whether they sufficiently state a claim. *Id*. at 10-11.

### A. Legal Standard

Federal Rule of Civil Procedure 12(b)(6) allows a court to dismiss a complaint for failure to state a claim upon which the court can grant relief. Fed. R. Civ. P. 12(b)(6). When ruling on a motion to dismiss, the court must accept as true all well-pleaded factual allegations in the complaint and must view them in the light most favorable to the nonmoving party. *Sutton v. Utah State Sch. for the Deaf & Blind*, 173 F.3d 1226, 1236 (10th Cir. 1999). "The court's function on a Rule 12(b)(6) motion is not to weigh

potential evidence that the parties might present at trial, but to assess whether the plaintiff's complaint alone is legally sufficient to state a claim for which relief may be granted." *Id*.

To survive a motion to dismiss, the complaint must include "enough facts to state a claim to relief that is plausible on its face." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007). "The plausibility standard is not akin to a probability requirement, but it asks for more than a sheer possibility that a defendant has acted unlawfully." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (internal quotation marks omitted). "Thus, the mere metaphysical possibility that some plaintiff could prove some set of facts in support of the pleaded claims is insufficient; the complaint must give the court reason to believe that this plaintiff has a reasonable likelihood of mustering factual support for these claims." *Ridge at Red Hawk, LLC v. Schneider*, 493 F.3d 1174, 1177 (10th Cir. 2007).

The Court need only evaluate allegations "when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Iqbal*, 556 U.S. at 678. Further, the Court is not required to accept conclusions of law or the asserted application of law to the alleged facts. *Hackford v. Babbitt*, 14 F.3d 1457, 1465 (10th Cir. 1994). Following these principles, the Court considers whether the facts "plausibly give rise to an entitlement to relief." *Barrett v. Orman*, 373 F. App'x 823, 825 (10th Cir. 2010) (quoting *Iqbal*, 556 U.S. at 677-78).

B. <u>Analysis</u>

Federal courts treat excessive force claims as seizures subject to the reasonableness requirement of the Fourth Amendment. *Graham v. Connor*, 490 U.S. 386, 395 (1989). In order to establish a constitutional violation recoverable under § 1983, the plaintiff must demonstrate that the force used by an officer was objectively unreasonable. *Estate of Larsen ex rel. Sturdivan v. Murr*, 511 F.3d 1255, 1259 (10th Cir. 2008). Accordingly "[t]he precise question asked in an excessive force case is 'whether the officers' actions are objectively reasonable in light of the facts and circumstances confronting them, without regard to their underlying intent or motivation.'" *Thomson v. Salt Lake Cty.*, 584 F.3d 1304, 1322 (10th Cir. 2009) (quoting *Graham*, 490 U.S. at 397).

With regard to excessive force claims not directed at individually responsible officers, the Supreme Court has instructed that "the inadequacy of police training may serve as the basis for § 1983 liability only where the failure to train amounts to deliberate indifference to the rights of persons with whom the police come into contact." *City of Canton, Ohio v. Harris*, 489 U.S. 378, 388-89 (1989). The Tenth Circuit has explained that in order to prevail on a claim of supervisory or municipal liability for failure to train its police officers in the use of force, a plaintiff must demonstrate the following conditions:

> (1) the officers exceeded constitutional limitations on the use of force; (2) the use of force arose under circumstances that constitute a usual and recurring situation with which police officers must deal; (3) the inadequate training demonstrates a deliberate indifference on the part of

>     the city toward persons with whom the police officers come into contact,
>     and (4) there is a direct causal link between the constitutional deprivation
>     and the inadequate training.

*Thomson*, 584 F.3d at 1322 (quoting *Allen v. Muskogee,* 119 F.3d 837, 841-42 (10th Cir. 1997)).

In explaining the supervisory and municipal liability of Defendant City of Roswell, Plaintiffs have asserted that "[p]rior to October 28, 2013, Defendant City of Roswell developed and maintained policies or customs exhibiting deliberate indifference to the constitutional rights of citizens in the City of Roswell." *Doc. 2-2* at 18. Plaintiffs expounded on this allegation merely by claiming that the city had provided "its subordinate law enforcement officers with inadequate and improper policies, training, and supervision regarding use of force and use of excessive force." *Id.* Plaintiffs conclude that a failure to administer such training was the direct cause of their injuries. *Id.* at 17-20. Similarly, allegations against Defendant Phil Smith consist mostly of a nonspecific recitation of elements, stating that Smith failed in his duty to exercise due care to train, monitor, and supervise subordinate officers so they could perform their duties without unnecessary harm to citizens. *Doc. 2-2* at 12. The Complaint further asserts, without explanation, that Smith knew or reasonably should have known that officers were violating the constitutional rights of citizens due to inadequate training and failed to remedy these problems, thereby exhibiting deliberate indifference and reckless disregard for the rights of Plaintiffs and causing their injuries. *Id.* at 12-14.

"[A] plaintiff's obligation to provide the grounds of his entitlement to relief requires more than labels and conclusions, and a formulaic recitation of a cause of action's elements will not do." *Twombly*, 550 U.S. at 545 (internal quotation marks omitted); *see also Iqbal*, 556 U.S. at 678 ("Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice."). Rather, a plaintiff must provide factual allegations sufficient to "raise a right to relief above the speculative level on the assumption that all of the complaint's allegations are true." *Twombly*, 550 U.S. at 545. Absent any factual explanation as to what conduct or training procedures were inadequate or how such shortcomings constituted deliberate indifference to the constitutional rights of citizens, Plaintiffs' conclusory allegations which merely recite the key words and bare elements of a § 1983 claim will not suffice.

Nonetheless, Plaintiffs have responded to this motion to dismiss by requesting that they be allowed to amend their Complaint, explaining that they have learned relevant factual information through discovery which demonstrates the plausibility of their claims. *Doc. 20* at 8-11. Indeed, Defendants also suggest in their reply that the appropriate mechanism for asserting new facts is for Plaintiffs to amend their Complaint, though Defendants contend that they would still be entitled to dismissal under these facts. *See doc. 21* at 1-2. "Generally, where a more carefully drafted complaint might state a claim, a plaintiff must be given at least one chance to amend the complaint before the district court dismisses the action with prejudice." *Bryant v.*

8

*Dupree*, 252 F.3d 1161, 1163 (11th Cir. 2001) (internal quotation marks omitted); *see also Flemming v. Wells Fargo Home Mortgage*, No. 14-CV-00567-RM-KLM, 2014 WL 2892288, at *2 (D. Colo. June 26, 2014) (allowing plaintiff the opportunity to amend after finding a complaint deficient); *Cobalt Flux, Inc. v. Positive Gaming AS*, No. 2:08-CV-185 TS, 2008 WL 4534182 (D. Utah Oct. 6, 2008) (allowing a plaintiff to amend his complaint following a motion to dismiss where the plaintiff discovered additional information which helped clarify his allegations). These holdings, while not bound by the rules governing formal motions to amend, are nonetheless consistent with the principle that courts should freely provide leave to amend where justice so requires. Fed. R. Civ. P. 15(a); *see also Calderon v. Kansas Dep't of Soc. & Rehab. Servs.*, 181 F.3d 1180, 1186 (10th Cir. 1999) ("in the spirit of Fed.R.Civ.P. 15(b) we have said that failure to file a formal motion is not always fatal . . . [where] there was readily apparent notice to opposing parties and to the court of both the desire to amend and the particular basis for the amendment").

In particular, Plaintiffs assert in their response that new evidence allows them to bring forth more specific factual assertions with regard to the officers' failure to issue a warning before firing immediately and the fact that Johnson at no point raised or fired his weapon. *Doc. 20* at 1-5, 8-10. These factual assertions are relevant to the first factor regarding whether the officers exceeded constitutional limitations on the use of force. *See Thomson*, 584 F.3d at 1322; *Estate of Larsen*, 511 F.3d at 1260 (in assessing the

reasonableness of an officer's use of deadly force, a court considers "(1) whether the officers ordered the suspect to drop his weapon, and the suspect's compliance with police commands; (2) whether any hostile motions were made with the weapon towards the officers; (3) the distance separating the officers and the suspect; and (4) the manifest intentions of the suspect").

Plaintiffs also claim that newly-discovered information allows them to plead with specificity that the Roswell Police Department training regarding use of force against a person with a firearm was inconsistent with the laws and guidelines proscribed by the state of New Mexico. *Doc. 20* at 8-10. These additional facts, taken as true, could be sufficient to plausibly state a claim upon which relief could be granted. *See Allen*, 119 F.3d at 841-42 *(*holding that "[it is not] uncommon for officers to have to deal with persons armed with deadly weapons . . . [and that therefore] there was evidence that the use of force arose under circumstances that constituted a usual and recurring situation with which police officers must deal"); *see also Schaefer v. Whitted*, 121 F. Supp. 3d 701, 719 (W.D. Tex. 2015) (holding that, in evaluating municipal liability, "it is highly predictable [that] failing to train officers regarding how to act with individuals legally entitled to carry firearms would result in the constitutional violation alleged here and [that] this failure to train was a moving force behind [plaintiff's] death."). Given this potential, the most appropriate course of action is to allow Plaintiffs to amend their Complaint and evaluate whether a claim has been stated after giving

10

Defendants an opportunity to respond to the Amended Complaint. *See* Fed. R. Civ. P. 15(a); *Cobalt*, 2008 WL 4534182 at *3 (finding that, when faced with a fully-briefed motion to dismiss and request to amend, "the best course of action is to allow Plaintiff to amend [its] Complaint to clarify this issue and allow Defendants to respond with a motion to dismiss, if appropriate").

### IV.  CONCLUSION

IT IS THEREFORE ORDERED that Plaintiffs shall amend their Complaint and cure deficiencies within ten (10) days of this order, or their Complaint will be dismissed without prejudice. Defendant City of Roswell's Motion to Dismiss (*doc. 9*) and Defendant Phil Smith's Motion to Dismiss (*doc. 10*) are DENIED, pending amendment of the Complaint. Defendants will thereafter be provided the opportunity to reassert their motions to dismiss should they believe that the amended complaint fails to state a claim upon which relief could be granted.

GREGORY B. WORMUTH
United States Magistrate Judge
**Presiding by Consent**